365 F.2d 141
 FRANCIS I. duPONT & CO., a partnership, Plaintiff-Appellant,
v.
James L. O'KEEFE, Public Administrator of Cook County,
Illinois, Elfriede Herrmann, Hedwig W. Frankenreiter,
Matilde, W. Heinzmann, Heinrich Herrmann, Emil Herrmann,
Gertrud Herrmann Birkert, Liesel N. Nonnenmacher, Johanna
Herrmann, Else W. Heydlauf and Hedwig Schiebel, Defendants-Appellees.
 No. 15486.
 United States Court of Appeals Seventh Circuit.
 April 22, 1966, Rehearing Denied Sept. 21, 1966.
 
 Edwin H. Conger, Lyman W. Hull, Chicago, Ill., for plaintiff-appellant, Tenney, Bentley, Guthrie & Howell, Chicago, Ill., of counsel.
 Morton John Barnard, Richard P. Fredo, Chicago, Ill., for defendant-appellee, James L. O'Keefe, admr. with will annexed of estate of Eugene Herrmann, Barnard & Barnard, Chicago, Ill., of counsel.
 Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Plaintiff, Francis I. duPont & Co., a partnership, engaged, inter alia, in the business of a stock and commodity broker, filed its action for interpleader under Title 28, U.S.C.A. 1335, with reference to a fund of in excess of $500 due one Eugene Herrmann, who was born in Rottenburg, Germany, and who died domiciled in the Federal Republic of Germany, having resided there for some years, but who was believed to have been a naturalized citizen of the United States of America. Plaintiff alleged that shortly before his death Mr. Herrmann had asked that the balance in his account with plaintiff's Chicago office be sent to him in Germany. A check in the amount of $104,562.42 was mailed out, but was returned to the Chicago office after Mr. Herrmann's death. A copy of Mr. Herrmann's Will, acknowledged before a Notary in March, 1964, in Rottenburg, Germany, was attached as an exhibit to plaintiff's complaint.
 
 
 2
 It was further alleged in the complaint that claimants in interpleader were James L. O'Keefe, Public Administrator of Cook County, Illinois, who had secured issuance of Letters of Administration with the Will Annexed of the Estate of Eugene Herrmann, deceased, in the Circuit Court of Cook County, Illinois; and all the legatees who where named in the Will, all of whom were residents of Germany, and who included in their number all the known intestate heirs of the decedent.
 
 
 3
 Plaintiff asserted a state of dubiety as to whether the decedent had lost (or had regained his German citizenship, whether a German court to whose jurisdiction plaintiff might be subject because of its maintenance of an office in Frankfurt, Germany) would apply german or United States law in any determination of the validity of the Will, whether plaintiff might not ultimately be required to pay over the sum in its hands to the heirs under German law who might or might not claim interests in the estate apart from the Will which left the bulk of the estate to a non-relative, despite the fact that the only actual claim made was that of the Public Administrator of Cook County armed with Letters of Administration.
 
 
 4
 The plaintiff paid in the sum in question to the registry of the United States District Court to abide the judgment of that Court.
 
 
 5
 Plaintiff sought judgment (1) restraining the various defendant-claimants from instituting action against plaintiff for this sum, (2) requiring them to interplead and settle their respective rights to the sum involved, (3) discharging plaintiff from any liability, and (4) awarding plaintiff its costs and attorneys' fees.
 
 
 6
 Eight of the defendant-claimants appeared by counsel, answered the complaint, and asked for payment of the sum involved to be made to the Public Administrator. Three of the defendant-claimants, including the decedent's sister and two of his nieces, filed no answer. The District Court found them to be in default.
 
 
 7
 The District Court found that Mr. O'Keefe, as the duly qualified and acting Administrator with the Will Annexed of decedent's estate, was the only person who was claiming to be entitled to the amount admittedly owed to the decedent by the plaintiff at the time of his death, and that none of the defendant-claimants had claimed or were claiming to be entitled to any part of the sum involved in the proceedings.
 
 
 8
 The District Court concluded that because the aforesaid Administrator became vested with the sole and exclusive title to the indebtedness due to the decedent, plaintiff should have known it could safely pay the sum to him without substantial risk of vexatious demand by a rival claimant and hence interpleader would not lie.
 
 
 9
 The District Court accordingly dismissed the suit with prejudice as to plaintiff.
 
 
 10
 As the Trial Judge found that there was no real fear of the vexation and hazard of conflicting claims, he properly concluded that interpleader could not be maintained. There must be some real and reasonable fear of exposure to double liability or the vexation of conflicting claims. Bierman v. Marcus, 3 Cir., 1957, 246 F.2d 200, 202 and cases there cited. The decision of the District Court in this respect is affirmed.
 
 
 11
 However, having determined that the interpleader action would not lie, the District Court (evidently in the interest of what counsel in oral argument in this Court characterized as equity and expedient justice) directed the Clerk of the U.S. District Court not to return to plaintiff the sum it had deposited with the Court, but to pay that sum forthwith to Mr. O'Keefe as Administrator. The District Court's action in resolving the controversy on the merits and directing disposition of the fund was wholly inconsistent with its prior ruling that interpleader did not lie and that the complaint be dismissed with prejudice. That portion of the judgment is reversed and the cause is remanded to the District Court for entry of an order directing return of the fund in question to the plaintiff.
 
 
 12
 Affirmed in part; reversed in part, and remanded.
 
 
 13
 SCHNACKENBERG, Circuit Judge.
 
 
 14
 I concur in all of Judge Knoch's opinion except the last two sentences thereof.
 
 
 15
 For several reasons the district court was justified in instructing its clerk as to the disposition of the fund involved in this case. First, the clerk as an officer of the court otherwise had no authority to dispose of the fund. Secondly, the fund was property in Illinois whose owner was then deceased and which property did not belong to any resident of the state, and thirdly it was possibly subject to an Illinois inheritance tax. The rights of all interested parties, including the state, are protected by the public administrator, who is acting under letters of administration with the will annexed of the estate of Eugene Herrmann, deceased, issued by the Circuit Court of Cook County, Illinois.
 
 
 16
 The course pursued by the district court was therefore consistent with the rights of all those interested in the estate of the decedent, as well as the state of Illinois. It was not prejudicial to plaintiff.
 
 
 17
 I would affirm the district court's judgment in full.